UNITED STATES, Appellee

v

RAYMOND STIPE, Private, U. S. Army, Appellant

No. 27,560

March 22, 1974

*Captain John T. Willis* argued the cause for Appellant, Accused. With him on the brief were *Hardy Wieting, Jr.,* Esquire, *Colonel Arnold I. Melnick,* and *Captain William X. Parsons.*

*Captain Richard A. Karre* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain M. Douglas Deitchler.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

The Judge Advocate General, United States Army, has certified this case here on the following questions:

I. Was the Court of Military Review correct in holding that an enlisted accused has no right to withdraw a written request that enlisted men serve on his court-martial?

II. Was the Court of Military Review correct in holding that the military judge did not abuse his discretion in refusing to allow the appellant to withdraw his request that enlisted men serve on his court-martial?

The facts giving rise to these issues are relatively simple. On February 10, 1972, the accused requested that enlisted members be appointed to the general court-martial to which charges against him had been referred for trial. In an Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a), hearing convened on February 14, the accused

sought to withdraw his request for enlisted members on the court. The military judge ruled that the request could not be withdrawn as there was no provision of the Code or the Manual for Courts-Martial, United States, 1969 (Rev.) which permitted the accused to do so. Two later motions to withdraw the request for enlisted men were likewise denied. On March 6, the accused was arraigned and tried before a court-martial consisting of officers and enlisted members.

Considering the issues, the Court of Military Review opined that withdrawal of the accused's request for enlisted members was not mentioned in the Uniform Code of Military Justice but was analogous to withdrawal of a request for trial by military judge alone. Finding that the latter was discretionary with the military judge, it determined that the same principle should be applied to withdrawal of a request for enlisted members. Reviewing the facts, the court ultimately concluded that the judge did not abuse his discretion in refusing to

permit the accused to withdraw his request in this case.

Article 25(c)(1), UCMJ, 10 USC § 825(c)(1), provides pertinently:[1]

Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, before the conclusion of a session called by the military judge, under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, the accused personally has requested in writing that enlisted members serve on it. After such a request, the accused may not be tried by a general or special court-martial the membership of which does not include enlisted members in a number comprising at least one-third of the total membership of the court, unless eligible enlisted members cannot be obtained. . . .

As the Court of Military Review noted, the legislative history of Article 25 does not expressly mention the withdrawal of a request for enlisted court members. Yet, it is instructive.

Most of the discussion of the provision regarding requests for enlisted members centered around the time after which it would be no longer possible to elect such an option. Concern was expressed that it might be done at the last minute and cause administrative difficulty. See Hearings on HR 2498 Before a Subcomm of the House Comm on Armed Services, 81st Cong, 1st Sess 1144–47 (1949). After settling on the provision that the request could be made up until the court was convened, Congressman Elston noted:

You can see where a man may not get counsel until the day before his arraignment or even on the day of his arraignment. *He might change his mind.* He may in the beginning think that he doesn't want enlisted men and then he may decide that he does want them. *He may find out something about the personnel of the court that would make him change his mind, perhaps.*

*Id.* at 1146 (emphasis added). Ultimately Mr. Elston's version of the Article prevailed and it was determined to provide the accused with a free choice as to enlisted membership up until the court was convened or, as the statute now states, until

the conclusion of a session called by the military judge, under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused.

Article 25, UCMJ, 10 USC § 825.

We believe that the statute's concept of a free choice to request enlisted members up until the conclusion of an Article 39(a) session or the assembly of the court carries with it by implication the equal right to withdraw a request for enlisted members previously made. In either case, the accused "may find out something about the personnel of the court that would make him change his mind." Hearings on HR 2498, supra at 1146. In passing the legislation as well as its predecessor, Article of War 4, Act of June 24, 1948, 62 Stat 604, 627, Congress expressed doubt that the provision would be of benefit to an accused. See United States v Crawford, 15 USCMA 31, 44–45, 35 CMR 3, 16–17 (1964) (Kilday, J., dissenting). It made clear that the choice was to be that of the accused, for which he must assume the responsibility. HR Rep No 1034, 80th Cong, 1st Sess 6.

The concept of the statute, then, is to give the accused the choice of enlisted members up until the last possible moment, so that he might to some degree alter the court's composition before the

---

[1] The Manual does little more than repeat the provisions of Article 25, and provide procedures for implementation of an accused's request. It contains no provision relating to the withdrawal of a request for enlisted members. See paragraphs 36*c*(2), 48*f,* 61*a,* and 61*h,* MCM.

actual hearing on the case on the merits begins. Hearings on HR 2498, supra at 1146–47. We fail to see how that choice may remain a free one unless the election of enlisted members, made at an earlier time, may be withdrawn up until the occasion on which the statute prescribes that the choice is no longer available. Nor are we impressed by the Government's argument that, once an election is made, the Article expressly prohibits an accused's trial without enlisted members and thus by implication makes the election irrevocable.

Statutes must be read as a whole as well as in light of their legislative history. So considered, the prohibition of a trial obviously applies only so long as the accused's request remains in effect. As we said in United States v White, 21 USCMA 583, 588, 45 CMR 357, 362 (1972):

> An accused cannot be compelled to be tried by a military judge alone; likewise, an accused cannot be compelled to be tried by a panel with enlisted members. In each instance the choice is his.

The Judge Advocate General of the Army has long held that an accused may, on a timely basis, withdraw his request for appointment of enlisted members to the court. United States v Yannuzzi, JAAJ-ED SPCM 1972/1956 (September 29, 1972); United States v Brooks, JAAJ-ED SPCM 1972/1957 (September 28, 1972); JAGJ 1952/6970 (September 11, 1952).

While these long-standing constructions of Article 25 are not binding on us, they are nevertheless entitled to great weight. United States *ex rel.* Hirshberg v Cooke, 336 US 210 (1949). We agree with their conclusion that an accused entitled to elect the appointment on his court-martial of enlisted members prior to the conclusion of an Article 39(a) session or the assembly of the court may likewise withdraw such a request before the end of the session or the assembly of the court. That is the only reasonable construction to place on Article 25 in order to effectuate the congressional intent to leave the accused a free choice in the matter. United States v White, supra.

As the accused was denied the right to revoke his prior election to have enlisted members serve on the court before the end of the Article 39(a) session, the Court of Military Review erred in affirming the findings of guilty. The first certified question is answered in the negative. As the accused has the right to revoke his prior request, the judge had no discretion to refuse to permit that revocation. Consequently, we have no occasion to answer the second certified question.

The findings of guilty and sentence are set aside. The decision of the U. S. Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. As the court was not properly constituted, another trial may be ordered.

Chief Judge DUNCAN and Judge QUINN concur.